UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:05-CR-69

v                                            Hon. Gordon J. Quist

JEROME LEWIS,

        Defendant.
_____/

**AMENDED ORDER OF DETENTION PENDING TRIAL**

        The court initially entered an Order of Detention on March 28, 2005, based upon the unrebutted presumption, the nature of the charges and the Pretrial Services report, defendant having waived his detention hearing in open court with counsel present. At the request of the defense, however, the court has agreed to reopen the matter to allow the defense to put on witness testimony. Accordingly, the matter was reopened this date to permit defendant to call as a witness, his mother.

        Having considered the testimony at the hearing held this date, and having considered the matter *ab initio* and thus placing all the usual evidentiary burdens on the prosecution, I find no reason to reach a different conclusion than that reached on March 28, 2005. Defendant's mother, Mrs. Alberta Lewis, testified defendant could reside with her in Saginaw, Michigan, if released on bond. Assuming, *arguendo,* defendant's mother is fully able to house her son in Saginaw (she also testified she is "not well", experiencing difficulty from her disability and medications), and overlooking for a moment the fact that defendant would be housed outside this district, the mere fact defendant has a place to live is not enough to rebut the presumption. This is particularly so in light of the fact that the other evidence of record, to wit, that while on state bond for selling heroin,

marijuana and cocaine, and possession of a firearm, defendant again sold cocaine and heroin and was found to have drugs and a gun in an apartment he rented, does not cut against the presumption but only serves to reinforce it. Further, even if that portion of the presumption that the defendant is a flight risk could be said to be rebutted by the fact that he has a place to live, and I don't believe it does in this instance, the other prong of the presumption, that defendant is a danger to the community, certainly has not been rebutted.

Alternatively, I believe the Grand Jury's finding of probable cause to believe the defendant committed six more offenses involving drugs and a weapon, while the defendant was already on bond for similar charges, demonstrates by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from further such behavior by this defendant if he is again placed back in the community on bond.

For all of these reasons, I adopt the Order of Detention dated March 28, 2005 into this report by reference, except to the extent that it is modified by this order. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: June 10, 2005        /s/ Hugh W. Brenneman, Jr.
                             Hugh W. Brenneman, Jr.
                             United States Magistrate Judge